MASSACHUSETTS GAS & ELECTRIC LIGHT SUPPLY CORPORATION, Plaintiff, Appellant,

v.

V–M CORPORATION, Defendant, Appellee.

No. 6989.

United States Court of Appeals First Circuit.

Heard Dec. 4, 1967.

Decided Dec. 20, 1967.

Arthur M. Gilman, Boston, Mass., with whom The McLaughlin Brothers, Boston, Mass., was on brief for appellant.

Charles F. Barrett, Boston, Mass., with whom Robert W. Meserve and Nutter, McClennen & Fish, Boston, Mass., were on brief, for appellee.

Before ALDRICH, Chief Judge, McENTEE and COFFIN, Circuit Judges.

ALDRICH, Chief Judge.

Plaintiff, a Massachusetts distributor of phonographs, tape recorders and other appliances, entered into a written agreement with defendant, a Michigan manufacturer. The agreement was renewed from time to time, the last renewal to expire December 31, 1962. In June of that year plaintiff learned that defendant was about to exercise the option contained in the agreement to cancel on 30 days' written notice. Plaintiff thereupon, on June 28, placed an order for 892 units of defendant's goods. Defendant refused to fill the order, and on July 3 cancelled as of August 3. This suit followed.

At the trial without jury it appeared that plaintiff's normal inventory was about 100 units, and that 892 units was its estimated need for the full balance of the year. The court found, inter alia,

> "Clearly the June 28 order was for merchandise far in excess of what plaintiff could hope to sell by August 3. * * * Furthermore, there was no evidence that up to August 3 plaintiff had actually lost any prospective sale because of defendant's failure to deliver any of the products ordered on June 28."

The court entered judgment for the defendant and plaintiff appeals.

■ A number of paragraphs in the agreement collectively establish the atmosphere of the arrangement and one, particularly when read in this atmosphere, dictates the correctness of the court's result. The agreement was a distributorship and not a mere sales agreement, and it was the disclosed intention that when plaintiff ceased to be a distributor it should, at least shortly, cease to carry defendant's goods. Thus in paragraph 5 it was provided that defendant would supply plaintiff with goods "for resale by it during said term." Paragraph 8 restricted defendant's obligation to such deliveries as would be needed by plaintiff "to maintain a reasonable inventory for its current sales." Paragraph 15 permitted defendant to reject all orders received after it had

sent a 30-day cancellation notice, or within 30 days of the calendar termination date, and to stop delivering at termination.

In the light of the above it might well be that defendant would have been required to fill an order, made on June 28, to maintain a reasonable inventory through the coming month. We could not construe defendant's obligation to be any greater than this.. Moreover, when we consider a further paragraph, plaintiff is in difficulties even here. Under paragraph 14 of the agreement, at the option of the defendant exercised at any time within 30 days after termination, plaintiff was obliged to return, at essentially the price paid, plus freight, all goods purchased from the defendant and then unsold. Had the defendant filled the June 28 order in its entirety, in the light of the above-quoted findings which are fully supported in the record, the clear purport of which is that no part of these goods would have been sold, the defendant could have required the return of the entire order.

■■ An interest defeasible at the option of the defendant cannot support a claim for damages. In the light of paragraph 14 it may be said that the substance of the plaintiff's case is that it had a right to carry defendant's products terminable in all respects in 30 days. Such a contract cannot justify a claim for damages for a longer period than 30 days even if it was prematurely breached. In the absence of any applicable state decision we accept the view exemplified by In re Petroleum Carriers Co., D.Minn., 1954, 121 F.Supp. 520, and cases cited. On this basis plaintiff's loss must be predicated only on the number of additional units it could have sold by August 3 had the order been filled, which, so far as appeared, was none.

■ Alternatively, even if whatever detriment plaintiff may be thought to suffer by reason of paragraph 14 be disregarded, the maximum June 28 order which defendant should have had to respect was to maintain an appropriate

inventory through July. Plaintiff's order was not a good faith attempt to accomplish this, see U.C.C. §§ 1–203, 2–103(1) (b), 2–306, but an effort to nullify the termination clause. And when defendant offered to take plaintiff's possible termination difficulties into consideration and fill a part of the June 28 order, plaintiff took the position, to quote the language of the district court, that it "wanted the whole order or nothing." Of these alternatives the court gave it nothing. We agree.

Affirmed.